[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 15, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-12247
Non-Argument Calendar

_____

D. C. Docket No. 05-00134-CR-5-SLB-RRA

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

REGINALD MAURICE DAVIS,
a.k.a. Black,
a.k.a. Hulk,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(March 15, 2007)

Before TJOFLAT, ANDERSON and HULL, Circuit Judges.

PER CURIAM:

The government appeals Reginald Davis's 78-month sentence for conspiracy to distribute, and distribution of, cocaine hydrochloride, in violation of 21 U.S.C. §§ 841 (a)(1), (b)(1)(C) and 846. On appeal, the government argues that the district court improperly considered factors unrelated to Davis's substantial assistance in granting a downward departure, pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e). Specifically, it contends that the district court imposed Davis's sentence after considering the sentences that it had imposed on his codefendants, without discussing his cooperation or considering the§ 5K1.1 factors.

We review the extent of a downward departure for an abuse of discretion, and the district court's interpretation of § 5K1.1 de novo. United States v. Crisp, 454 F.3d 1285, 1288 (11th Cir. 2006). However, we review the government's "arguments raised for the first time on appeal for plain error." United States v. Clark, 274 F.3d 1325, 1326 (11th Cir. 2001). Plain error exists only where:

> (1) there is an error in the district court's determination; (2) the error is plain or obvious; (3) the error affects the defendant's substantial rights in that it was prejudicial and not harmless; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.

Id.

Pursuant to § 5K1.1, sentencing courts are permitted to depart from the Sentencing Guidelines if the government has filed a motion indicating "that the

2

defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense." See U.S.S.G. § 5K1.1. In ruling on a government motion for departure based upon substantial assistance, district courts must consider the following factors, set forth in § 5K1.1: (1) "the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;" (2) "the truthfulness, completeness, and reliability of any information or testimony provided by the defendant"; (3) "the nature and extent of the defendant's assistance;" (4) "any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance;" and (5) "the timeliness of the defendant's assistance." U.S.S.G. § 5K1.1(a); see United States v. Martin, 455 F.3d 1227, 1235 (11th Cir. 2006).

"[D]istrict courts are prohibited from considering sentencing factors unrelated to the nature and extent of a defendant's assistance in making § 5K1.1 departures." Martin, 455 F.3d at 1236. Although sentencing courts may consider factors beyond those included in the § 5K1.1 list, they may do so "only if they are related to the assistance rendered." Crisp, 454 F.3d at 1289. "Because a substantial assistance departure is to be about assistance and nothing else, the sentencing court may not permissibly consider the sentencing factors announced in

3

18 U.S.C. § 3553(a) when exercising its discretion in deciding whether and how much to depart under § 5K1.1." Id. (internal quotations and citations omitted). Rather, a sentencing court first should decide the nature and extent of an assistance departure by considering the § 5K1.1 factors. United States v. McVay, 447 F.3d 1348, 1356-57 (11th Cir. 2006).

In evaluating substantial assistance, the court should make a "determination that is individualized to the defendant based on the relevant factors and more specific than a simple statement that the reduction is based on the defendant's substantial assistance." Id. at 1354. Where the court fails to discern the defendant's assistance, including the extent thereof, and further fails to explain why it has rejected the government's recommended sentence, we have found that resentencing is necessary. Id. at 1356. Moreover, when we vacate and remand for resentencing based on the district court's improper consideration of factors unrelated to substantial assistance under § 5K1.1, and the court's failure to explain its reasoning underlying the departure, we need not address the permissible extent of the downward departure, nor the overall reasonableness of the defendant's sentence. See id.

As an initial matter, while the district court acknowledged an objection for the government on the basis of reasonableness at the sentencing hearing, the

4

government did not object specifically to the sentence on the basis of the downward departure. As a result, we will review the district court's decision for plain error. See Clark, 274 F.3d at 1326.

Because Davis had at least two prior drug-related felonies, 21 U.S.C. § 841(b)(1)(A) instructed that he receive a life sentence. Thus, the only way that the district court could reduce his sentence would be if the government made a § 5K1.1 motion. See 18 U.S.C. § 3553(e) ("Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense.").

Here, however, the district court essentially relied on the conduct of co-conspirators, and the sentences that they had received, in determining Davis's sentence. This is a proper consideration suited for a reasonableness analysis under § 3553(a) but not for a § 5K1.1 motion. See 18 U.S.C. § 3553(a)(6). While the court recited the § 5K1.1 factors, and asserted that it had considered them in determining Davis's sentence, it did so after it already had announced his sentence of 78 months' imprisonment. Moreover, the court gave no meaningful explanation of how it had evaluated Davis's substantial assistance on an individualized basis,

5

nor how its reasoning had differed from the government's. Rather, the record clearly indicates that the court was simply fashioning a sentence comparable to that of Davis's co-conspirators, which was an impermissible consideration under § 5K1.1. See Crisp, 454 F.3d at 1289. Because Davis's mandatory minimum sentence was life imprisonment, and the government moved for a downward departure recommending instead 240 months' imprisonment, the district court's improper consideration of § 3553(a) factors as a basis for granting a downward departure, and imposing a sentence of 78 months' imprisonment, constitutes plain error. See Clark, 274 F.3d at 1329. Based on these impermissible considerations alone, we vacate and remand for resentencing. See Crisp, 454 F.3d at 1289; McVay, 447 F.3d at 1356.[1] Accordingly, we vacate and remand for resentencing.

**VACATED and REMANDED.**

---

[1] We decline to address the government's other issues.